## CIRCUIT COURT OF BALTIMORE CITY.

Filed March 15, 1916.

THE READ DRUG AND CHEMICAL COMPANY OF BALTIMORE CITY

VS.

JENNIE NATTANS.

*R. Barton, Jr., J. Pembroke Thom* and *Joseph C. France* for plaintiff.
*C. F. Harley* and *Lee S. Meyer* for defendant.

DAWKINS, J. –

The demurrer in this case is based upon the grounds:

1. That there is not stated in the bill such a case as entitles the plaintiff to any relief in equity.

2. That necessary exhibits are not filed before the issuance of process.

3. That the contract is not sufficiently definite, specific and certain to be enforced; and

4. That the contract does not comply with the Statute of Frauds.

The requirement to file necessary exhibits in conformity with the Fourth Equity Rule, which provides that "no order or process shall be made or issued upon any bill * * * until such bill * * * together with *all* the exhibits referred to as parts thereof be actually filed with the Clerk of the Court," does not mean, save in the case of injunctions and kindred proceedings, that every paper referred to in the bill must be filed when suit is brought, before process issues. Exhibits, however, should be actually filed, if they are to be considered as a part of the bill, for it should be known definitely what is intended to be incorporated in the proceedings.

In this case if the will only is meant to be filed in the concluding lines of paragraph 3 of the bill, it is different from incorporating the whole "proceedings," so it would seem proper to file or definitely designate what is intended to be filed as an exhibit. If a copy of the will is an essential part or exhibit, it can easily be filed and taken as a part of the bill. The other and more essential question involved in this case is whether or not there is such a contract made out in the form in which it is set up in the bill as can be enforced in a court of equity.

There can be no doubt but that a contract to be enforced must be certain, clear and definite and made solely with a view to the performance of the particular contract. The act done by way of part performance must be of a substantial nature and such that the party would suffer an injury amounting to a fraud by the refusal to execute the agreement.

The agreement must be fair, reasonable and founded on a good and valuable consideration.

The contract or lease sought to be enforced in this case is comprehended in the latter part of the sixth paragraph of the bill, which authorizes the plaintiff's general manager to make an agreement with the defendant "for the cancellation of the present lease and for the execution of a new lease for twelve and one-half years, beginning January 1, 1915, at a rental, etc."

The bill charges that this had been agreed upon and rentals fixed by the defendant and as a matter of fact carrying out the arrangements among the parties a new lease had been duly executed by the defendant, as president of the plaintiff company, for the adjoining property.

The bill further avers that expensive improvements had been made by the plaintiff relying upon the agreement or promise made by the defendant to execute the new lease.

Is this alleged contract certain, clear and definite, and does it comply with the essentials to justify its enforcement?

Dixon vs. Dixon, 92 Md. 436.

Whilst one familiar with the facts might easily determine what property is meant to be leased as well as ascertain all the essential details of what was intended, yet it can hardly be gathered from the allegations of the bill.

When it appears that the agreement is merely an authority given to the general manager of the plaintiff to execute a lease, because certain rentals had been fixed by the defendant, it can not be said that the terms of the contract are definite and certain, unless the authorization recites the full contents of the offer to lease or something of that kind.

The offer to lease, if the alleged acts of the defendant may be so construed, may contain conditions which surely can not be gathered from the authorization (such as times of payment, repairs, etc.) to execute.

The bill should show on its face a whole, definite and fixed contract. So far as the defendant is concerned, it only shows that the increased rentals and the extended terms had been agreed upon by the defendant before the plaintiff had acted, but as to any other item of the agreement alleged, the bill is silent.

The allegations in the bill of loss and injury is a mere conclusion of law,

416

for which, if sustained, there should be a remedy at law.

Ward vs. Newbold, 115 Md. 697.

The only thing the defendant seems to have done was to fix and agree on "increased rentals and the extended terms for the corner property." There is no allegation as to the terms and conditions of the lease further than in these respects.

Supra, 115 Md., and cases there cited.

There is no such part performance in this case as would be contemplated by the Statute of Frauds, but that is not necessary to an enforcement by a court of equity in all cases.

Eq. Gas. Co. Case, 63 Md. 287.

But this line of cases generally contemplates the enforcement of an agreed personal service.

Whilst an injustice may result by the action of the defendant in refusing to co-operate with the plaintiff in leasing this property, and the defendant should not act in a dual role to the detriment of the business plans of the plaintiff, yet those are questions that can not be settled in this case.

I do not feel that there is anything in the bill to show that any direct consideration passed to the defendant for the execution of the contract or that there was any part performance or that she did submit to the plaintiff and it did accept such a contract (so far as disclosed by the bill) as can be enforced.

For the reasons above indicated the demurrer will be sustained, with leave to amend in fifteen days, if desired.